# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 23, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| LYNN JONES, | * | |
| | * | |
| Petitioner, | * | No. 19-984V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Anne C. Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.
*Colleen C. Hartley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 10, 2019, Lynn Jones ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of the influenza vaccination he received on October 19, 2018. Pet. at 1, 5. On August 14, 2020, Petitioner filed a motion to dismiss her petition. ECF No. 23. The undersigned file her Decision dismissing the Petitioner on August 17, 2020. ECF No. 24.

On September 4, 2020, Petitioner filed an application for final attorneys' fees and costs. ECF No. 28 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $30,149.94, representing $27,823.90 in attorneys' fees and $2,326.04 in attorneys' costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner states that she has not incurred any costs related to this litigation. ECF No. 28 Ex 3. That same day Respondent responded to the motion stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 29. Petitioner filed her reply on September 4, 2020, requesting and entry of fees and costs in the full amount requested. ECF No. 30.

This matter is now ripe for consideration.

### I.   Reasonable Attorneys' Fees and Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, although the petition was eventually dismissed, the undersigned does not doubt that it was filed in a good faith belief that Petitioner's vaccination caused her injury, and there was a reasonable basis for the claim to proceed as long as it did. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### a.   Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel Ms. Anne Carrion Toale, attorneys and paralegals of Maglio Christopher & Toale:

|            | 2018  | 2019  | 2020  |
|------------|-------|-------|-------|
| A. Toale   | -     | $420  | $445  |
| A. Maglio  | $381  | $400  | -     |
| D. Strait  | $322  | -     | -     |
| Paralegals | $148  | $154  | $160  |

These hourly rates are consistent with what Ms. Toale, her fellow attorneys and paralegals have previously been awarded for their Vaccine Program work, and the undersigned finds them to be reasonable herein.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be reasonable and awards the full amount.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $2,326.04 in attorneys' costs. Fees App. at 28, Ex 2. This amount is comprised of acquiring medical records, postage, travel costs and the Court's filing fee. All of these costs are typical of Vaccine Program litigation and are reasonable in the undersigned's experience. Petitioner is awarded the full amount of costs requested.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $27,823.90 |
|---|---|
| (Reduction to Fees) | |
| **Total Attorneys' Fees Awarded** | **$27,823.90** |
| | |
| Attorneys' Costs Requested | $2,326.04 |
| (Reduction to Costs) | |
| **Total Attorneys' Costs Awarded** | **$2,326.04** |
| | |
| **Total Amount Awarded** | **$30,149.94** |

**Accordingly, the undersigned awards a lump sum in the amount of $30,149.94, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check**

**payable jointly to Petitioner and Petitioner's counsel of record, Ms. Anne Carrion Toale, to be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).